UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br>CHELDRID SOSA,<br>a/k/a "Avipa,"<br>a/k/a "Young Avii,"<br>ERICK PLACENCIA,<br>a/k/a "Grena'<br>JUSTIN MARTHA,<br>a/k/a "Mafia,"<br>MICHAEL MERCEDES MARTE,<br>a/k/a "Sicario,"<br>a/k/a "Sikario,"<br>a/k/a "S30,"<br>JOSE PERALTA GOMEZ,<br>a/k/a "JP,"<br>a/k/a "JeyP,"<br>MANUEL ABAD RIV AS<br>a/k/a "Rubirosa,"<br>WILFREN CARBUCCIA,<br>a/k/a "Diablon,"<br>JEILIN PORTES GUABA<br>a/k/a "Ganga,"<br>JAVIER PENA<br>a/k/a "Lion,"<br>ANGELMANON<br>a/k/ a "Jerarka,"<br>DARWIN MARTINEZ<br>a/k/a "Mole," and<br>JAROL LEDESMA,<br>a/k/a "El Nueve,"<br>Defendants. | NO. S1 26 Cr. 307<br><br>ORDER APPOINTING JULIE DE DE ALMEIDA AS COORDINATING DISCOVERY ATTORNEY |

It is hereby **ORDERED** that Julie de Almeida, Esq. is appointed as Coordinating Discovery Attorney for court-appointed defense counsel.

The Coordinating Discovery Attorney shall oversee discovery issues common to the court-appointed defendants. Her responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided, and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery, resolve form of production issues, and coordinate solutions for any technical problems accessing discovery;

- Assessing the common needs of defense counsel and identifying any additional vendor support that may be required such as digital forensic services, data processing, data hosting, format conversions, and other technology depending on the nature of the case; and

- Providing technological tools and training and support services to the defense teams to ensure efficiency locating relevant data within the discovery.

When executing these responsibilities, the Coordinating Discovery Attorney shall assess and recommend to defense counsel, effective and cost-efficient ways to review the discovery.

The Coordinating Discovery Attorney's duties do not include providing representation services and will not establish an attorney-client relationship with any defendant. The Coordinating Discovery Attorney's role is to manage discovery and not analyze the content for each defense counsel.

Discovery intended for the counsel of a specific defendant and not to be shared with the other defense counsel shall be produced by the Government directly to the defense counsel for that defendant. Discovery requests specific to one defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney.

For any discovery common to all defendants already produced by the Government before this Order, the Government shall provide a copy to the Coordinating Discovery Attorney. Any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to defense counsel unless the Government elects to produce discovery directly to defense counsel with a simultaneous copy to the Coordinating Discovery Attorney. The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner. If the Government produces discovery within 30 days of trial, it shall provide copies directly to defense counsel with a copy to the Coordinating Discovery Attorney.

Retained counsel may obtain a copy of the discovery from the Coordinating Discovery Attorney by requesting a copy and providing the cost of a blank storage drive, a blank storage device or providing a hard drive or flash drive of sufficient capacity, and sufficient postage for sending the hardware. If a defense e-discovery review database is used, it should be with a vendor that can allow access to retained counsel if they agree to pay a portion of the costs in an amount determined by the vendor.

Because the Administrative Office of the U.S. Courts, Defender Services Office's Coordinating Discovery Attorney program is to support and meet the needs of court-appointed counsel, retained counsel cannot guide or otherwise instruct the Coordinating Discovery Attorney on ways they prefer to review discovery. The duties of the Coordinating Discovery Attorney shall end when the last defendant's case, who is represented by court-appointed counsel, concludes.

The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services, including confirming the work previously agreed to be performed. However, the CDA's time and the time spent by her staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the service cost is reasonable.

The Coordinating Discovery Attorney shall also submit to this Court periodic ex-parte status reports that outline the progress of work, upcoming services requiring Court funding, and whether the funds approved by the Court for outside services, such as an e-discovery review database, are within budget. A copy of each report shall be sent to defense counsel.

DATED this 18th day of September, 2026.

Honorable Judge Philip M. Halpern
United States District Judge